# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### CIVIL MINUTES - GENERAL

| Case No. | CV 21-4196 PA (SHKx) | Date | May 20, 2021 |
|---|---|---|---|

| Title | ZS Clean, Inc. v. W Services Group, LLC et al |
|---|---|

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE |
|---|---|

| K. Sali-Suleyman | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** IN CHAMBERS – COURT ORDER

The Court is in receipt of a Notice of Removal filed by defendant W Services Group, LLC ("Defendant"). (Dkt. 1 ("Removal").) The Notice alleges that the Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332. (Id. ¶9.) However, after reviewing the Notice of Removal, it appears that Defendant has failed to properly allege its own citizenship.

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by Congress and the Constitution. Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. Id. § 1447(c). "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1265 (9th Cir. 1999). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

Jurisdiction may be based on complete diversity of citizenship, requiring all plaintiffs to have a different citizenship from all defendants and for the amount in controversy to exceed $75,000.00. See 28 U.S.C. § 1332. A corporation is a citizen of both its state of incorporation and the state in which it has its principal place of business. 28 U.S.C. § 1332(c)(1); see also New Alaska Dev. Corp. v. Guetschow, 869 F.2d 1298, 1300-01 (9th Cir. 1989). The citizenship of a partnership or other unincorporated entity—such as a limited liability company—is the citizenship of its members. See Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006) ("[L]ike a partnership, an LLC is a citizen of every state of which its owners/members are citizens."). "[T]o properly plead diversity jurisdiction with respect to a limited liability company, the citizenship of all members must be pled." Schweiss v. Greenway Health, LLC, 2019 U.S. Dist. LEXIS 90066, at *4 (C.D. Cal. May 29, 2019) (citing NewGen, LLC v. Safe Cig, LLC, 840 F.3d 606 (9th Cir. 2016)) (emphasis added).

Here, the Notice of Removal states that Defendant "is incorporated under the laws of the State of New York, with its principal place of business and headquarters located at 500 Wheeler Road, Hauppauge, New York, 11788. The State of New York is where W Services Group's main office and

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES - GENERAL

| Case No. | CV 21-4196 PA (SHKx) | Date | May 20, 2021 |
|---|---|---|---|
| Title | ZS Clean, Inc. v. W Services Group, LLC et al | | |

management functions are concentrated and from where their high-level officers direct, control, and coordinate W Services Group's activities." (Removal ¶8.) However, Defendant is a limited liability company, and has failed to identify all of its members and the citizenship of each member. "Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties." Kanter, 265 F.3d at 857. Moreover, a defendant is presumed to know the facts surrounding its own citizenship. See, e.g., Leon v. Gordon Trucking, Inc., 76 F. Supp. 3d 1055, 1063 (C.D. Cal. 2014) ("[A] corporate defendant, like any other, is presumed to know its own citizenship.") (collecting cases); Cretian v. Job1USA, Inc., 2009 WL 4841039, at *1 (D. Or. Dec. 11, 2009) ("Defendant is presumed to know its own citizenship; indeed it is in the best position to know it for purposes of removal."). Therefore, the Court finds that Defendant has failed to establish complete diversity of the parties.

For these reasons, Defendant has not met the burden of showing that this Court has subject matter jurisdiction over Plaintiff's claims. This action is therefore remanded to the Superior Court of California for the County of Los Angeles, Case No. 21LBCV00144, for lack of subject matter jurisdiction. See 28 U.S.C. § 1447(c).

IT IS SO ORDERED.